IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 07CR 40018-JPG |
| KENDEL W. MCKINNEY, | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

THIS MATTER is before the Court on counsel's Motion to Continue Briefing Date (Doc. 58). On March 31, 2008, the Court ordered that McKinney would have up to and including April 14, 2008, to file a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) prepared by his counsel. McKinney had already filed a *pro se* motion. The Court's deadline was fairly short because McKinney has a pending appeal, *United States v. McKinney*, Case No. 07-3236, and in *United States v. Taylor*, Case No. 06-4123, 2008 WL 782739 (7th Cir. Mar. 26, 2008), the Court of Appeals expressed a desire that District Courts promptly review and resolve § 3582(c)(2) sentence reduction motions in certain cases where direct appeals are pending. *Taylor*, 2008 WL 782739 at *3. McKinney now asks the Court to extend his deadline to file a motion drafted by counsel beyond the date his appeal decision is rendered. He argues that the Court is divested of jurisdiction over issues related to his appeal, one of which is the length of McKinney's sentence.

The Court agrees that while a defendant's direct appeal is pending it lacks jurisdiction over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982); *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995). Thus,

this Court lacks the authority to give a defendant a new sentence while an appeal of the defendant's conviction and sentence is pending. *Berman v. United States*, 302 U.S. 211, 214 (1937); *Kusay*, 62 F.3d at 195. However, nothing prevents the Court from contemplating whether it would, if jurisdiction existed, grant or deny the motion.

Furthermore, the Court believes that, as a matter of judicial economy, the "certificate of inclination" process is appropriate in this situation. *See United States v. Bingham*, 10 F.3d 404, 405 (7th Cir.1993) (*per curiam*); Circuit Rule 57 ("A party who during the pendency of an appeal has filed a motion under . . . any . . . rule that permits the modification of a final judgment, should request the district court to indicate whether it is inclined to grant the motion."). Under that process, if the Court wanted to reduce McKinney's sentence under § 3582(c)(2) but could not do so because of the pendency of his appeal, the Court would certify whether it was inclined to reduce his sentence. If it were so inclined, the Court of Appeals could then remand the case for the reduction before it wasted its efforts on deciding the propriety of a sentence that would, as a practical matter, have a very short shelf life. *Bingham* adopted this procedure for sentence reduction motions under Federal Rule of Criminal Procedure 35(b), and the Court sees no good reason not to likewise apply it to motions under § 3582(c)(2). Thus, although the Court may not actually reduce McKinney's sentence during the pendency of his appeal, it may make use of briefing on the matter at this time for certification purposes.

With respect to McKinney in particular, in the appellate oral argument, the Court of Appeals specifically inquired into the applicability of a § 3582(c)(2) reduction. Both parties took the position that McKinney was not eligible for a reduction because his offense level was not based on the amount of crack cocaine involved in his offense but instead on his status as a

career offender. They implicitly agreed that a remand for consideration of his sentence after *Kimbrough v. United States*, 128 S. Ct. 558 (2007), was not called for. Nevertheless, McKinney has a pending motion for a reduction pursuant to § 3582(c)(2). If he is not entitled to one, the Court believes its speedy answer to this question (or its answer as to how it would be inclined to rule on the question) may aid – and certainly would not harm – the Court of Appeals in its consideration of the appeal.

Nevertheless, the Court believes that a short extension of the briefing deadline is in order to allow McKinney's counsel to prepare a reduction motion. Accordingly, the Court **GRANTS** the motion (Doc. 58) and **ORDERS** that McKinney shall have up to and including May 5, 2008, to file a motion for a sentence reduction pursuant to § 3582(c)(2) prepared by his counsel. If the motion is not an agreed motion, the government shall have up to and including May 12, 2008, to respond to the motion prepared by counsel or, if no such motion is filed, to respond to McKinney's *pro se* motion. The Court **DIRECTS** the Clerk of Court to send this order to the Court of Appeals in connection with McKinney's direct appeal, Case No. 07-3236.

**IT IS SO ORDERED.**
**Dated this 23d day of April, 2008.**

          s/ J. Phil Gilbert
          **J. PHIL GILBERT**
          **UNITED STATES DISTRICT JUDGE**