IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 07-cr-40018-JPG |
| KENDEL W. MCKINNEY, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Kendel W. McKinney's motions for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Docs. 52 & 60). The government has responded to the motion (Doc. 61) arguing that McKinney is not eligible for such a reduction.

McKinney pled guilty to two counts of distributing less than 5 grams of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that McKinney's relevant conduct was at least 500 milligrams but less than 1 gram of crack cocaine, which under United States Sentencing Guideline Manual[1] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 16. His offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility. The Court further found that McKinney was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his offense level to 34, again reduced by 3 to 31 for acceptance of responsibility. Considering McKinney's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison. The Court departed upward for

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2006 United States Sentencing Guidelines Manual.

reasons authorized by U.S.S.G. § 4A1.3 because his criminal history category substantially under-represented the seriousness of his criminal history or the likelihood that he would commit other crimes. It also believed the factors in 18 U.S.C. § 3553(a) warranted a sentence above the advisory guideline range. The Court ultimately imposed a sentence of 293 months for each count, within the statutory range of 0 to 30 years for each count established by McKinney's convictions and his enhancement under 21 U.S.C. § 851. *See* 21 U.S.C. § 841(b)(1)(C). McKinney now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

McKinney's appeal of his sentence is pending. *See United States v. McKinney*, Case No. 07-3236. Thus, this Court does not have jurisdiction to reduce his sentence while the propriety of that sentence is an issue before the Court of Appeals. *See Berman v. United States*, 302 U.S. 211, 214 (1937); *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995). Under Circuit Rule 57 it may, however, certify whether it is inclined to grant such a reduction. *See United States v. Bingham*, 10 F.3d 404, 405 (7th Cir.1993) (*per curiam*).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. McKinney satisfies neither criterion.

I.      **Lowered Guideline Range**

McKinney cannot satisfy the first criteria because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. McKinney, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.

McKinney argues that, although his sentence range was actually established by his career offender status and not his relevant conduct, he is entitled to a reduction anyway. He notes that the crack guidelines were amended in an effort to alleviate problems associated with the 100-to-1 drug quantity ratio between crack and powder cocaine, that in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Gall v. United States*, 128 S. Ct. 588 (2007), the Supreme Court emphasized the ability of courts to render sentences outside the advisory guideline range to ensure that they are sufficient but not greater than necessary to achieve sentencing goals, and that career offender guidelines have not been terribly effective in preventing recidivism for low-level drug dealers like McKinney. He then argues that the Court was required to consider the difference in his relevant conduct guideline range and his career offender guideline range when sentencing him, so his career offender sentence was in fact "based on" his relevant conduct guideline range.

McKinney's argument has no merit. McKinney's sentencing guideline range was solely based on his career offender status, and the guideline range applicable to that status has not been

3

lowered. His career offender status, in turn, was based on two factors: his history of violent or drug crimes and the statutory maximum of the offenses he committed. Neither of these factors had anything to do with McKinney's relevant conduct amount or U.S.S.G. § 2D1.1. His sentence simply was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Consequently, McKinney cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

## II.     Consistency with Policy Statement

As for the second criterion, the Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10. That section provides that the guideline range reduction contained in Amendments 706 and 711 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (c). Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for offenses involving crack cocaine.

However, not all defendants whose sentences were based, in whole or in part, on involvement with crack cocaine are eligible for such a reduction. For example, reductions are not warranted for defendants whose term of imprisonment would not have changed even had the revisions to § 2D1.1 applied at the time the defendant was sentenced. *See* U.S.S.G. §1B1.10(b)(1). Defendants in this category include career offenders who were convicted of crimes involving crack cocaine but whose sentences were determined based not on offense levels under §2D1.1 but on offense levels under U.S.S.G. § 4B1.1.

McKinney is this kind of defendant. Even had the § 2D1.1 offense levels been lower at the time of his sentencing, which would have in turn lowered his relevant conduct sentencing range, his career offender sentencing range would have remained the same. Thus, a reduction would be inconsistent with the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10, therefore not authorized by 18 U.S.C. § 3582(c)(2).

In sum, the Court has no discretion to reduce McKinney's sentence because he is not eligible for such a reduction.[2] Accordingly, the Court **CERTIFIES** that if it had jurisdiction to rule on the pending motions for a sentence reduction (Docs. 52 & 60), it would deny those motions. The Court **DIRECTS** the Clerk of Court to send this order to the Court of Appeals in connection with McKinney's direct appeal, Case No. 07-3236.

**IT IS SO ORDERED.**
**Dated this 27th day of May, 2008.**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **UNITED STATES DISTRICT JUDGE**

---

[2] Even if he were, the Court would not exercise its discretion to give him one for the same reasons it departed upward from his guideline range.

5