UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s)<br><br>vs.<br><br>KENDEL W. McKINNEY,<br><br>Defendant(s) | Case Number:  4:07-CR-40018 (JPG) |

**MOTION FOR REDUCTION OF SENTENCE**

COMES NOW the Defendant, Kendel W. McKinney, by his attorney, David Brengle, Assistant Federal Public Defender, and for his motion for a reduction of sentence states as follows:

Kendel McKinney moves the Court for resentencing/a reduction of sentence under the First Step Act of 2018. The First Step Act (FSA) seeks, among other things, to apply the benefits of the Fair Sentencing Act of 2010[1] retroactively. Section 404 of the FSA, enacted on December 21, 2018, independently authorizes a district court to impose a reduced sentence for cocaine base convictions where the statutory penalty provisions of the Fair Sentencing Act would have applied had it been in effect at the time of the original sentencing.

Mr. McKinney was sentenced on August 30, 2007, two counts of distribution of less than 5 grams of cocaine base, under a statutory sentencing range with a 100-to-one crack-to-powder disparity. Section 404(b) of the FSA now provides that defendants who were subjected to statutory penalties that were subsequently modified by the Fair Sentencing Act, and whose sentences were not previously imposed or reduced in accordance with the amendments made by sections 2 and 3 of the Fair

---

[1] Fair Sentencing Act of 2010, §§ 2, 8, Pub. L. No. 111-220, 124 Stat. 2372 (enacting legislation on August 3, 2010, which reduced the 100:1 statutory disparity between powder and crack cocaine to 18:1).

Sentencing Act, may file a motion for a reduced sentence. Because Mr. McKinney qualifies for a reduced sentence under the FSA and has not received a previous reduction, he asks for a reduction of sentence under Section 404(b).

I.    **Background Facts**

On February 7, 2007, Mr. McKinney was charged by indictment with two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc 1). On February 22, 2007, the Government filed an Information to Establish Prior Conviction. (Doc. 13) On April 12, 2007 Mr. McKinney pled guilty to all counts in the indictment. (Doc 15). On August 30, 2007, the honorable Judge J. Phil Gilbert sentenced Mr. McKinney to 293 months on each count, to be served concurrently. (Doc. 27)

At the time of sentencing, the Mr. McKinney was a Career Offender under U.S.S.G. § 4B1.2 and that his guideline range was 188-235 months. The Court elected to vary upward to 293 months citing the inadequacy of the defendant's criminal history score and factors under 18 U.S.C. §3553(a). The Court has twice denied Mr. McKinney's requests for a reduction of sentence under retroactive drug guidelines changes. (Doc. 66 &73).

Mr. McKinney is now 37 years old. His scheduled release date is October 3, 2027.

II.   **The Fair Sentencing Act of 2010**

The Fair Sentencing Act amended 21 U.S.C. § 841 to increase the amount of crack cocaine a violation of 21 U.S.C. § 841(a) must involve to trigger mandatory minimum and accompanying statutory maximum sentences set forth in § (b)(1)(A) and (B). Before the Fair Sentencing Act, an offense involving 50 grams or more of crack cocaine triggered a 10-year mandatory minimum and a statutory maximum penalty of life imprisonment while an offense involving 5 grams of crack cocaine triggered a 5-year mandatory minimum sentence and a statutory maximum of 40 years of

imprisonment. *Dorsey v. United States*, 567 U.S. 260, 266 (2012); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii) (2006 ed.).

Section 2 of the Act amended § 841(b)(1)(A)(iii) by striking 50 grams and inserting 280 grams, and amended § 841(b)(1)(B)(iii) by striking 5 grams and inserting 28 grams. Public Law 111-220; 124 Stat. 2372, § 2. Accordingly, after the Act, it takes 280 grams of crack to trigger § 841(b)(1)(A)(iii)'s 10-year mandatory minimum and 28 grams of crack to trigger § 841(b)(1)(B)(iii)'s 5-year mandatory minimum. *Dorsey*, 567 U.S. at 269.

### III.     Argument

**A.     Mr. McKinney is eligible for a reduced sentence under the First Step Act.**

Congress enacted the Fair Sentencing Act because the Sentencing Commission and public had long concluded that the 1986 Anti-Drug Abuse Act's penalty scheme for cocaine base offenses was far too harsh and had a disparate impact on African American defendants, like Mr. McKinney. *See Dorsey*, 567 U.S. at 268–69. Section 2 of the Fair Sentencing Act changed the penalty structure for cocaine base offenses as follows:

- Section 841(b)(1)(C) now provides for a sentencing range of up to 20 years if the offense involved less than 28 grams or an unspecified amount of cocaine base;

- Section 841(b)(1)(B)(iii) now provides for a sentencing range of 5 to 40 years if the offense involved "28 grams or more" but less than 280 grams of cocaine base; and

- Section 841(b)(1)(A)(iii) now provides for a sentencing range of 10 years to Life if the offense involved "280 grams or more" of cocaine base.

21 U.S.C. § 841(b) (2018); *see Dorsey*, 567 U.S. at 269 (explaining effect of section 2 of the Fair Sentencing Act).

The Fair Sentencing Act went into effect immediately on August 3, 2010, and, partly to more thoroughly put an end to the "disproportionate status quo," the Supreme Court held that the new

penalty structure would apply to any defendant sentenced after August 3, 2010, even if the offense was committed before that date. *Dorsey*, 567 U.S. at 278. But this change was not retroactive. So thousands of people, including Mr. McKinney, are currently serving sentences under pre-2010 crack laws that Congress long ago deemed irrational and unfair. The FSA addresses this injustice by making the Fair Sentencing Act's changes to the statutory ranges for crack defendants retroactive. In short, it aims to let courts impose a reduced sentence on any prisoner still serving a sentence for a cocaine base offense if that sentence was imposed under the pre-Fair Sentencing Act penalty structure.

The FSA sets forth three threshold criteria, and once these criteria are satisfied the Court is provided the discretion to impose a reduced sentence. First, the Act defines what offenses are covered by its remedy:

> Definition of Covered Offense: In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

FSA § 404(a). Mr. McKinney's crack cocaine conviction is a "covered offense[s]" because section 2 of the Fair Sentencing Act "modified" the "statutory penalties" under § 841(b) for "violation" of 21 U.S.C. § 841(a) involving cocaine base. And he committed the offenses before August 3, 2010.

Second, the FSA provides the circumstances under which a district court can reduce the sentence for a defendant previously sentenced for a "covered offense":

> Defendants Previously Sentenced: A court that imposed a sentence for a covered offense may, on motion of the defendant . . ., impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

FSA § 404(b). This provision plainly applies to Mr. McKinney because this Court previously "imposed a sentence" on him "for a covered offense," and he is moving for imposition of a reduced sentence. Thus, this Court can now "impose a reduced sentence" on Mr. McKinney for his cocaine base offenses as if the Fair Sentencing Act was in effect.

Third, the FSA provides only narrow limitations on this re-sentencing power. A court shall not entertain a motion made under Section 404 of the FSA to reduce a sentence "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," or "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.*, § 404(b). Neither of these limitations apply to Mr. McKinney. He is now serving his sentence on his cocaine base convictions, and this is his first Section 404 motion under the FSA.

Proving eligibility under the FSA is relatively simple. A defendant is eligible if he was convicted of a cocaine base offense and was sentenced under the pre-Fair Sentencing Act statutory penalties then in effect. Because Mr. McKinney satisfies these requirements, the Court has the authority to impose a reduced sentence.

  **B.**  **The First Step Act applies to 21 U.S.C. § 841(b)(1)(C) offenses.**

Until recently the Government would have likely argued that the FSA does not apply to convictions for 21 U.S.C. § 841(b)(1)(C) because the statutory minimum or maximum have not changed[2]. That conclusion, however, reads language into the FSA that is not there and is in direct conflict with *U.S. v. Hogsett*, No. 19-3465 (7th Cir. 2020). Such an approach is not permitted by the principles of statutory interpretation nor is it permitted under the case law in the Seventh Circuit after *Hogsett*.

Courts must "ordinarily resist reading words or elements into a statute that do not appear on its face." *Dean v. United States*, 556 U.S. 568, 572 (2009) (internal citation and quotation marks omitted). Here, the FSA does not define a covered offense as an "offense which carried a mandatory minimum imprisonment term triggered by a threshold quantity of cocaine base." Rather, the FSA directs the

---

[2] The U.S. Probation Office continues to take this position that since Mr. McKinney faces the same statutory penalties, he is not eligible for relief under the FSA.

Court to identify the statute of conviction and then determine whether the penalties for that statute were modified by Section 2 or 3 of the Fair Sentencing Act of 2010. The statutory penalties for 21 U.S.C. § 841(b)(1)(C) were indeed modified by Section 2 of the Fair Sentencing Act, because Section 2 of the Fair Sentencing Act changed the weight of cocaine base that was subject to the statutory range of 0 to 20 years of imprisonment, from less than 5 grams to less than 28 grams. The analysis for eligibility under the FSA must focus on the drug quantities changed by the Fair Sentencing Act because there were no changes to the statutory ranges. The Fair Sentencing Act only changed the drug quantity amounts for each offense under 21 U.S.C. § 841, rather than the statutory terms. For example, a conviction under § 841(b)(1)(B) still has a statutory range of 5-40 years after the Fair Sentencing Act. The only change was to the quantity of base cocaine that qualified a defendant for that offense. The changes to the drug quantity amounts in § 841(b) affected each underlying section, including § 841(b)(1)(C). Thus, Mr. McKinney was convicted of a covered offense.

In passing both the FSA and the Fair Sentencing Act, Congress recognized that crack cocaine sentencing was far too harsh and had a disparate impact on African-American defendants, and intended to overhaul the entire framework for sentencing crack cocaine defendants. *See Kimbrough v. United States*, 552 U.S. 85, 97–99 (2007). It would be illogical to exclude § 841(b)(1)(C) defendants from that intended relief. Denying § 841(b)(1)(C) defendants relief under the FSA would have the perverse consequence of resulting in sentences for § 841(b)(1)(C) defendants convicted of lesser-quantity offenses which are longer and harsher than reduced sentences for § 841(b)(1)(A) and § 841(b)(1)(B) defendants convicted of higher-quantity offenses. Excluding § 841(b)(1)(C) defendants from relief would also be especially unjust to defendants who were responsible for a drug quantity high enough to trigger § 841(b)(1)(A) or § 841(b)(1)(B), but who were charged with or pleaded to § 841(b)(1)(C), e.g., as part of an agreement to get out from under a mandatory minimum term of imprisonment. These defendants likely faced high guidelines ranges driven by their high drug quantity,

but, under the government's interpretation of the FSA, would be excluded from relief and thus could be worse off now than if they had pled guilty to an § 841(b)(1)(A) or § 841(b)(1)(B) offense.

**C.     Once eligibility is established, Mr. McKinney may be granted a re-sentencing hearing with a complete review on the merits.**

The plain text of Section 404 of the FSA gives this Court authority to conduct a re-sentencing hearing in the defendant's presence. First, Section 404 gives the court discretion to impose a reduced sentence of any length consistent with sections 2 and 3 of the FSA, without limitation on what the court may consider. *See* § 404(b). And it gives the court discretion to deny a motion even though the defendant is eligible for imposition of a reduced sentence so long as the court denies the motion "after a complete review . . . on the merits." *See* § 404(c). A complete review on the merits requires an opportunity for the defendant to be present and to allocute. *See e.g. United States v. Brown*, 879 F.3d 1231, 1237–41 (11th Cir. 2018) (presence of defendant required in a § 2255 re-sentencing); *United States v. Arrous*, 320 F.3d 355, 357–60 (2d Cir. 2003) (presence of defendant required in a re-sentencing after direct appeal); *United States v. Faulks*, 201 F.3d 208, 210–12 (3d Cir. 2000) (same).

Second, § 404(b) gives the court jurisdiction to "*impose* a reduced sentence" (emphasis added). Congress' choice of the verb "impose," instead of "modify" or "reduce," is significant. Federal sentencing statutes use the verb "impose" to mean "sentence" in light of all relevant factors. *See e.g.* 18 U.S.C. § 3553(a) ("The court shall *impose* a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."); § 3553(a)(2) (directing courts to consider "the need for the sentence *imposed*" in light of the purposes of sentencing); § 3553(c) ("Statement of Reasons for *Imposing* a Sentence. The court, at the time of sentencing, shall state in open court the reasons for its *imposition* of the particular sentence"). Because "identical words . . . are intended to have the same meaning," the FSA's use of the verb "impose" directs a re-sentencing.

*Department of Revenue of Oregon v. ACF Industries, Inc.*, 510 U.S. 332, 342 (1994); *Sorenson v. Secretary of Treasury*, 475 U.S. 851, 860 (1986); *See also* Fed. R. Crim. P. 32(b)(1) (using verb "impose").

IV.     **Conclusion**

Mr. McKinney asks that the Court set a re-sentencing hearing[3].

Respectfully submitted,

/s/ David L. Brengle
David L. Brengle
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050
ATTORNEY FOR DEFENDANT
KENDEL McKINNEY

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he has caused a true and correct copy of the foregoing to be served upon:

George Norwood
Assistant United States Attorney
402 W. Main, Suite 2A
Benton, IL 62812

via electronic filing with the Clerk of the Court using the CM/ECF system on April 15, 2021.

---

[3] If a new sentencing hearing is granted the Defense would request and updated PSR, new sentencing memoranda from the parties, and a complete review of the merits in determining an appropriate sentence to impose under the FSA.