UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

KENDEL W. MCKINNEY,

  Defendant.

Case No. 07-cr-40018-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 77). The Government has responded to the motion (Doc. 86).

In April 2007, McKinney pled guilty to two counts of distribution of less than 5 grams of crack cocaine. The Court sentenced the defendant under the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(C) as enhanced by prior convictions for felony drug offenses—no more than 30 years. The Court found that the defendant was a career offender under U.S.S.G. § 4B1.1 with a total offense level of 31 and a criminal history category of VI, where his sentencing range was 188 to 235 months. The Court imposed an above-guideline sentence of 293 months in prison on each count, to run concurrently.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1]

---

[1] Section 404 of the First Step Act provides in full:

  (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. See First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act. *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).

The Court turns to the specifics of the defendant's case. The defendant's convictions are not

---

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

the type of convictions covered by § 404 of the First Step Act. While he committed the federal offenses before August 3, 2010, the Fair Sentencing Act did not modify the applicable statutory sentencing range for the defendant's crimes. The defendant was convicted and sentenced for his drug crimes under 21 U.S.C. § 841(b)(1)(C), but § 2(a) of the Fair Sentencing Act only changed the statutory penalty ranges for sentences under 21 U.S.C. §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii)). *Terry v. United States*, No. 20-5904, 2021 WL 2405145, at *5, 141 S. Ct. 1858 (2021) ("The statutory penalties thus changed for all subparagraph (A) and (B) offenders. But no statutory penalty changed for subparagraph (C) offenders."), *abrogating United States v. Hogsett*, 982 F.3d 463, 467 (7th Cir. 2020) (holding sentence under § 841(b)(1)(C) was a covered offense). While it is true that the defendant would have been eligible for a reduction had his sentences under § 841(b)(1)(C) been components of a sentencing package that included a sentence under § 841(b)(1)(A)(iii) or (b)(1)(B)(iii), *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020), that is not so in this case.

Accordingly, the Court **DENIES** the defendant's motion for a reduction pursuant to § 404 of the First Step Act (Doc. 77). In light of this ruling, the Court **DENIES as moot** the defendant's *pro se* motion for a reduction (Doc. 74). The Court will address the defendant's *pro se* motion for compassionate release (Doc. 79) by separate order.

**IT IS SO ORDERED.**
**DATED:   July 1, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**