UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>KENDEL W. MCKINNEY,<br><br>   Defendant. | Case No. 07-cr-40018-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's second motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 104).   The Government has responded to the motion (Doc. 102).

In April 2007, McKinney pled guilty to two counts of distribution of less than 5 grams of crack cocaine.   The Court sentenced the defendant under the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(C) as enhanced by prior convictions for felony drug offenses—no more than 30 years.   The Court found that the defendant was a career offender under U.S.S.G. § 4B1.1 with a total offense level of 31 and a criminal history category of VI, where his sentencing range was 188 to 235 months.   The Court imposed an above-guideline sentence of 293 months in prison on each count, to run concurrently.

In April 2021, the defendant asked the Court to reduce his sentence in light of § 404 of the First Step Act (Doc. 77).[1]   Section 404 allows the Court to reduce a defendant's sentence for a crack

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for

cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense.   First Step Act § 404(b).   In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.

In July 2021, the Court denied McKinney's motion on the merits (Doc. 87).   Specifically, it found that McKinney was not eligible for a reduction because his convictions were not the type of convictions covered by § 404 of the First Step Act.   This was because the Fair Sentencing Act did not modify the applicable statutory sentencing range for defendants like McKinney who were convicted and sentenced under 21 U.S.C. § 841(b)(1)(C).   *Terry v. United States*, 593 U.S. 486, 494 (2021) ("The statutory penalties thus changed for all subparagraph (A) and (B) offenders.   But no statutory penalty changed for subparagraph (C) offenders.").   McKinney did not appeal the Court's decision.

The First Step Act expressly bars McKinney from taking a second bite at the apple:   "No court

---

which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.   Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

shall entertain a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was . . . denied after a complete review of the motion on the merits." First Step Act § 404(c).  In case more clarity is needed, the Court of Appeals for the Seventh Circuit stated (in an unpublished decision), "Section 404(c) expressly forbids subsequent motions after one 'complete review of the motion on the merits.'"  *United States v. Dixon*, No. 22-3281, 2023 WL 4556909, at *2 (7th Cir. July 17, 2023).

The Court fully reviewed McKinney's case on the merits in 2021, and that decision became final when he declined to seek timely reconsideration or to file a notice of appeal.  The Court is prohibited from entertaining his current motion by § 404(c).  For this reason, the Court **DISMISSES** the defendant's motion for a reduction pursuant to § 404 of the First Step Act (Doc. 104).

**IT IS SO ORDERED.**
**DATED:   February 16, 2024**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**