UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

KENDEL W. MCKINNEY,

          Defendant.

Case No. 07-cr-40018-JPG

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on the defendant's third motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 108).   The Government has responded to the motion (Doc. 109), and McKinney has replied to that response (Doc. 110).   In his reply, McKinney insists that his motion is under § 401 of the First Step Act, not § 404, so consideration of his motion is not prohibited by § 404(c).

## I.    Background

In April 2007, McKinney pled guilty to two counts of distribution of less than 5 grams of crack cocaine.   The Court sentenced the defendant under the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(C) as enhanced by a prior conviction for a felony drug offense—no more than 30 years.   The Court found that the defendant was a career offender under U.S.S.G. § 4B1.1 with a total offense level of 31 and a criminal history category of VI, where his sentencing range was 188 to 235 months.   The Court imposed an above-guideline sentence of 293 months in prison on each count, to run concurrently.

## II.      Reduction under § 404 of the First Step Act

In April 2021, the defendant asked the Court to reduce his sentence in light of § 404 of the First Step Act (Doc. 77).   Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense.   First Step Act § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.

In July 2021, the Court denied McKinney's motion on the merits (Doc. 87).   Specifically, it found that McKinney was not eligible for a reduction because his convictions were not the type of convictions covered by § 404 of the First Step Act.   This was because the Fair Sentencing Act did not modify the applicable statutory sentencing range for defendants like McKinney who were convicted and sentenced under 21 U.S.C. § 841(b)(1)(C).   *Terry v. United States*, 593 U.S. 486, 494 (2021) ("The statutory penalties thus changed for all subparagraph (A) and (B) offenders.   But no statutory penalty changed for subparagraph (C) offenders.").   McKinney did not appeal the Court's decision.

The First Step Act expressly barred McKinney from taking a second—and now a third—bite at the apple:   "No court shall entertain a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was . . . denied after a complete review of the motion on the merits."   First Step Act § 404(c); *see United States v. Dixon*, No. 22-3281, 2023 WL 4556909, at *2 (7th Cir. July 17, 2023).   To the extent this motion relies on § 404 of the First Step Act, the Court will dismiss it.

## III.      Reduction under § 401 of the First Step Act

McKinney insists his motion is under § 401 of the First Step Act.   That provision changed the language of the recidivism enhancements of 21 U.S.C. § 841(b)(1)(A) and (B) from the requirement of

a prior "felony drug offense" to a "serious drug felony."   First Step Act, Pub. L. No. 115-391,

§ 401(a)(2)(A) and (B), 132 Stat. 5194, 5220 (2018).   It then added a new definition for "serious drug

felony" that required the person to have served a term of imprisonment of more than 12 months.   First

Step Act, Pub. L. No. 115-391, § 401(a)(1), 132 Stat. 5194, 5220 (2018); 21 U.S.C. § 802(57).

McKinney claims his prior drug conviction no longer qualifies him for the recidivism enhancement

because he did not serve more than 12 months in prison for it.

The First Step Act, however, did not change the recidivism enhancement of 21 U.S.C.

§ 841(b)(1)(C), the provision setting McKinney's statutory sentencing range.   That enhancement was

and is still triggered by a prior conviction for a "felony drug offense."   And it did not change the

definition of "felony drug offense" in 21 U.S.C. § 802(44), which does not require any specific time

served in prison.   So to the extent McKinney believes his prior conviction does not qualify him for the

recidivism enhancement of 21 U.S.C. § 841(b)(1)(C), he is wrong.

However, more importantly, McKinney's § 401 argument is an attack on his sentence of the

kind that can only be raised in a § 2255, so the Court must construe it as one.   A post-judgment

motion that advances a new ground for relief from a conviction is a § 2255 petition regardless of how

it is captioned.   *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see Melton v.

United States*, 359 F.3d 855, 857 (7th Cir. 2004).

This is not McKinney's first § 2255 motion.   He filed his first § 2255 motion in September

2009, and the Court denied it on the merits.   *McKinney v. United States*, 09-cv-723-JPG.   He filed a

second § 2255 motion in June 2016, and the Court dismissed it for lack of jurisdiction.   *McKinney v.

United States,* 16-cv-636-JPG.   In order for the Court to consider a third motion like the one now

before it, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28

U.S.C. § 2255(h).   *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*,

96 F.3d 990, 991 (7th Cir. 1996).   It has not done so in this case.   Therefore, the Court must dismiss McKinney's motion, to the extent it is based on § 401 of the First Step Act, for lack of jurisdiction.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the defendant.   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).   To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."   *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 580 U.S. 100, 115 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   The Court finds that reasonable jurists would not find debatable the Court's lack of jurisdiction to consider this unauthorized successive § 2255 motion. Accordingly, the Court declines to issue a certificate of appealability.

**IV.**   **Conclusion**

For the foregoing reasons, the Court **DISMISSES** McKinney's motion (Doc. 108) and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:   October 8, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

4